UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANN F. SMITH,

Plaintiff,

Case No. 26-cv-12854
Hon. Matthew F. Leitman

v.

CITY OF DETROIT
LAW DEPARTMENT, *et al.*,

Defendants.

______________________________________/

**ORDER DIRECTING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT**

On August 13, 2026, Plaintiff Ann. F. Smith filed this action against Defendants the City of Detroit Law Department, Higgins Estate, Inc., Luis Rameriz, and Mudhish Development. (*See* Compl., ECF No. 1.) Smith's Complaint is difficult to follow, but she appears to allege that she was a tenant in an apartment building that was once owned by Higgins Estate and/or Rameriez, and may now be owned by Mudhish Development. Smith says that her "civil [rights] have been violated based on harassment" and based on her purported "illegal eviction" from her apartment. (*Id.*, PageID.4-5.) Smith insists that her "entire life was uprooted via gentrification." (*Id.*, PageID.5.)

Smith has also filed an application to proceed *in forma pauperis* in this action. (*See* App., ECF No. 2.) When a plaintiff files an application to proceed *in forma*

*pauperis*, the Court has a duty to review and screen the plaintiff's Complaint. That is because under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss a complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that all complaints set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action

will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court has conducted a preliminary review of Smith's Complaint, and it has several concerns about her claims. Among other things:

- Smith appears to be attempting to bring civil-rights claims under 42 U.S.C. § 1983 against private parties, but "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999)); and
- The Complaint does not allow the Court or the Defendants to determine the specific claims that Smith is raising and/or which of the named Defendants are specifically responsible for the alleged constitutional and/or statutory violations. Smith's Complaint therefore fails to comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement that a complaint contain a "short and plain statement of the claim." Fed.R.Civ.P. 8(a)(2). *See also Payne v. Secretary of Treas*., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of Complaint pursuant to Fed.R.Civ.P. 8(a)(2) and explaining that "[n]either this court nor the district court is required to create Payne's claim for her").

For all of these reasons, the Court concludes that Smith's claims may not survive initial screening. However, the Court wants to provide Smith one final opportunity to attempt to plead viable claims before it dismisses this action. It therefore **DIRECTS** Smith to file a First Amended Complaint. In that pleading, Smith shall set out her factual allegations in individually numbered paragraphs in double spaced text (or, if handwritten, sufficiently spaced). Each claim shall be listed in a separate Count. Then, in each Count, Smith shall (1) identify which Defendants are included in that Count, (2) identify what right and/or statute she says was violated, (3) plead facts showing, on a Defendant-by-Defendant basis, how that Defendant separately violated her rights with respect to that Count, and (4) if the Count involves an alleged constitutional violation, plead facts showing how that Defendant acted under the color of state law. The Court encourages Smith to write short, clear sentences and, if possible, to use punctuation when explaining her claims. The Court does not anticipate allowing Smith another opportunity to amend to add factual allegations that she could now include in a First Amended Complaint. Simply put, this is Smith's opportunity to clearly and separately allege any and all facts, currently known to her, that may support her claims.

Smith shall file her First Amended Complaint by no later than **October 1, 2026**. If Smith does not file a First Amended Complaint as directed above, the Court will dismiss this action without prejudice.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 24, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 24, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager