UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANN F. SMITH,

Plaintiff,

Case No. 26-cv-12854
Hon. Matthew F. Leitman

v.

CITY OF DETROIT
LAW DEPARTMENT, *et al.*,

Defendants.

______________________________________________________________/

**ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1) WITHOUT PREJUDICE**

On August 13, 2026, Plaintiff Ann. F. Smith filed this action against Defendants the City of Detroit Law Department, Higgins Estate, Inc., Luis Rameriz, and Mudhish Development. (*See* Compl., ECF No. 1.) Smith's Complaint is difficult to follow, but she appears to allege that she was a tenant in an apartment building that was once owned by Higgins Estate and/or Rameriez, and may now be owned by Mudhish Development. Smith says that her "civil [rights] have been violated based on harassment" and based on her purported "illegal eviction" from her apartment. (*Id.*, PageID.4-5.) Smith insists that her "entire life was uprooted via gentrification." (*Id.*, PageID.5.)

In connection with the Court's review of Smith's application to proceed *in forma pauperis* in this action, the Court conducted a preliminary review of Smith's

Complaint. When it conducted that review, the Court had several concerns about her claims. Among other things:

- Smith appears to be attempting to bring civil-rights claims under 42 U.S.C. § 1983 against private parties, but "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999)); and
- The Complaint does not allow the Court or the Defendants to determine the specific claims that Smith is raising and/or which of the named Defendants are specifically responsible for the alleged constitutional and/or statutory violations. Smith's Complaint therefore fails to comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement that a complaint contain a "short and plain statement of the claim." Fed.R.Civ.P. 8(a)(2). *See also Payne v. Secretary of Treas*., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of Complaint pursuant to Fed.R.Civ.P. 8(a)(2) and explaining that "[n]either this court nor the district court is required to create Payne's claim for her").

For all of these reasons, the Court directed Smith to file a First Amended Complaint. (*See* Order, ECF No. 5.) It instructed Smith as follows:

> In that pleading, Smith shall set out her factual allegations in individually numbered paragraphs in double spaced text (or, if handwritten, sufficiently spaced). Each claim shall be listed in a separate Count. Then, in each Count, Smith shall (1) identify which Defendants are included in that Count, (2) identify what right and/or statute she says was violated, (3) plead facts showing, on a Defendant-by-Defendant basis, how that Defendant separately violated her rights with respect to that Count, and (4) if the Count involves an alleged constitutional violation, plead facts showing how that Defendant acted under the color of state law. The Court encourages Smith to write short, clear sentences and, if possible, to use punctuation when explaining her claims. The Court does not anticipate allowing Smith another opportunity to amend to add factual allegations that she could now include in a First Amended Complaint. Simply put, this is Smith's opportunity to clearly and separately allege any and all facts, currently known to her, that may support her claims.

(*Id.*, PageID.26.) Finally, the Court warned Smith that if she did "not file a First Amended Complaint as directed above, the Court [would] dismiss this action without prejudice." (*Id.*, PageID.27.)

Two days after the Court issued its August 24 order, Smith filed a second copy of her Complaint with the Court. (*See* Compl., ECF No. 6.) That filing is an identical copy of her initial Complaint. As of the date of this order, Smith has not filed any Amended Complaint with the Court, much less an Amended Complaint that attempts to comply with the Court's directions quoted above.

For all of the reasons explained in this order, and in the Court's August 24 order, Smith's Complaint fails to state any plausible or cognizable claims against the

Defendants. Smith has also failed to comply with the Court's August 24 order by filing an Amended Complaint as directed. The Court therefore **DISMISSES** this action **WITHOUT PREJUDICE** for failure to state a claim and for failure to comply with the Court's August 24 order to file an Amended Complaint.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 26, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 26, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126